UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO ROSAS, | Case No.: 1:14-cv-01418-SAB (PC) |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DENYING PENDING MOTION TO VACATE JUDGMENT AS MOOT |
| v. | |
| D. DENNY, et al., | |
| Defendants. | [ECF Nos. 8, 9] |

Plaintiff Federico Rosas is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 22, 2014. Local Rule 302.

On December 5, 2014, Plaintiff's complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim for relief. (ECF No. 7). Now pending before the Court is Plaintiff's amended complaint, filed December 29, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

1  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2      A complaint must contain "a short and plain statement of the claim showing that the pleader is
3  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
5  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
6  550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally
7  participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
8  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

9      Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
10 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
11 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
12 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
13 the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal,
14 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
15 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
16 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
17 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names D. Denny, M. Seaman, and S. Tallerico as Defendants.

Plaintiff contends that Defendants have violated his constitutional rights by interfering with his communication with the court by rejecting and/or cancelling his inmate appeals without justification. Plaintiff contends Defendants are inflicting intentional infliction of mental stress for which he seeks compensation.

///
///
///
///

# III.

# DISCUSSION

### A. Inmate Grievance Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff contends that Defendants have canceled and/or rejected his inmate appeals in retaliation for being a "litigator." Defendants' actions in responding and/or processing Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. Accordingly, Plaintiff fails to state a cognizable claim for relief based upon the inmate appeals process.

### B. Access to the Court

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348 (1996)) (quotation marks omitted). Actual injury is "actual prejudice with respect to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348 (1996)) (internal quotation marks omitted).

Plaintiff fails to state a claim against any Defendants for denial of access to the courts. Plaintiff has not alleged sufficient facts which indicate that he suffered an actual injury with respect to contemplated or existing litigation. Any claim by Plaintiff that his present ability to file a civil rights complaint pursuant to 42 U.S.C. § 1983, was impeded no such claim can exist as Plaintiff has filed and this Court has reviewed the instant complaint. The court acknowledges the necessity of exhausting his

claims prior to brining a section 1983 action.  See Booth v. Churner, 532 U.S. 731, 741 (2001). However, Plaintiff has failed to allege that he was denied access to the courts because of the actions by Defendants.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C. Leave to Amend

Plaintiff was previously notified of the deficiencies in the complaint and granted leave to amend.  Plaintiff has failed to cure the deficiencies and further amendment is therefore futile. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

## IV.
## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's amended complaint fails to state a claim upon which relief may be granted and further leave to amend would be futile.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is DISMISSED, with prejudice, for failure to state a cognizable claim for relief;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and
3. Plaintiff's pending motion to vacate the judgment, filed December 15, 2014, is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **January 15, 2015**

UNITED STATES MAGISTRATE JUDGE