UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO ROSAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. DENNY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01418-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT<br><br>[ECF No. 12] |

On January 16, 2015, the instant complaint filed pursuant to 42 U.S.C. § 1983 was dismissed, with prejudice, for failure to state a cognizable claim for relief. (ECF Nos. 10, 11.) Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States magistrate judge on September 22, 2014. Local Rule 302.

On January 29, 2015, Plaintiff filed a motion to vacate the judgment. (ECF No. 12.)

Where there has been a final judgment, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-899 (9th Cir. 2001).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such

1

1  motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening
2  change in controlling law." <u>Allstate Ins. Co. v. Herron</u>, 634 F.3d 1101, 1111 (9th Cir. 2011). A
3  district court has "considerable discretion" in considering a Rule 59(e) motion. <u>Turner v. Burlington</u>
4  <u>Northern Santa Fe R. Co.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003). Relief based on this rule generally is
5  reserved for "highly unusual circumstances." <u>School Dist. No. 1J, Multnomah County v. ACandS</u>
6  <u>Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

7   Rule 60(b) provides for reconsideration where one or more of the following is shown: (1)
8  mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due
9  diligence could not have been discovered before the court's decision; (3) fraud by the adverse party;
10 (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.
11 Fed. R. Civ. P. 60(b); <u>School Dist. 1J.</u>, 5 F.3d at 1263.

12  Motions for reconsideration should not be frequently or freely granted; they are not a substitute
13 for appeal or a means of attacking some perceived error of the court. <u>See</u> <u>Twentieth Century-Fox Film</u>
14 <u>Corp. v. Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify
15 reconsideration involve an intervening change of controlling law, the availability of new evidence, or
16 the need to correct a clear error or prevent manifest injustice.'" <u>Pyramid Lake Paiute Tribe of Indians</u>
17 <u>v. Hodel</u>, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting <u>United States v. Desert Gold Mining Co.</u>, 433
18 F.2d 713, 715 (9th Cir. 1970)).

19  In the present motion, Plaintiff requests that the judgment of dismissal be vacated because the
20 Court improperly screened his complaint and Plaintiff stated a cognizable constitutional violation.

21  The Court finds that Plaintiff has failed to demonstrate that relief from judgment is warranted
22 under Rule 59(e). Plaintiff has not identified any newly discovered evidence or cited any authority
23 demonstrating that there has been an intervening change in controlling law. Nor has Plaintiff shown
24 that the Court's dismissal order rests upon manifest errors of law or fact or that relief is otherwise
25 appropriate to prevent manifest injustice.

26  Plaintiff has further failed to demonstrate relief from judgment under Rule 60(b). Plaintiff
27 disagrees with the Court's screening order and dismissal of the complaint. In screening Plaintiff's first
28 amended complaint, the Court carefully considered Plaintiff's allegations, construed the allegations in

light of Plaintiff's pro se status, and explained in a detailed order why the complaint failed to state a cognizable claim under the applicable standard of law.  Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances.  <u>United States v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); <u>see also</u> <u>In re Pacific Far East Lines, Inc.</u>, 889 F.2d 242, 250 (9th Cir. 1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second change for parties who made deliberate choices).  Plaintiff's disagreement with the Court's decision is not grounds for reconsideration.   Accordingly, Plaintiff's motion for reconsideration must be DENIED.

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion to vacate the judgment is DENIED.

IT IS SO ORDERED.

Dated:     **February 23, 2015**

UNITED STATES MAGISTRATE JUDGE